Good morning. May it please the Court. My name is David Potts. I'm a law student at the University of Arizona James E. Rogers College of Law, working under the supervision of Dean Dr. Willie Jordan Curtis, and I represent the appellant in this case, Irene Tritz, and Ms. Tritz is present here today. And I want to thank you for your pro bono representation. We asked this Court to vacate the District Court's order dismissing Ms. Tritz's two contract claims against the Postal Service for two reasons. First, the Postal Reorganization Act provides an independent jurisdictional basis for Ms. Tritz's contract claims against the Postal Service, and the District Court therefore improperly dismissed those claims for lack of subject matter jurisdiction. And second, Ms. Tritz's voidable contract claim is, in fact, a contract claim, not a tort claim, and the District Court therefore improperly dismissed it for failure to comply with the Federal Tort Claims Act. The voidable aspect of this is the claim that she was unduly influenced. Is that – do I understand that right? Your Honor, in the complaint, the voidable contract is under the heading of undue influence. Right. But throughout her complaint, she also makes a number of other allegations, importantly, that the contract is unconscionable. So if she – Talking about the undue influence part of this for the time being. Certainly. However, Ms. Tritz was a pro se litigant preparing her complaint below, and to the extent that it should be construed liberally so as to encompass that unconscionable claim as well, that's how this Court – Back to my question. I'd like to talk about the undue influence part of this for a second. Okay. Okay. It looks to me like she – her gripe is against the judge. Is that – is that correct? In her complaint, yes. Many of her allegations are against the judge. However, again – The judge is not a defendant in the case. No. However, she also states in her complaint that she suffers from post-traumatic stress disorder, largely as a result of the treatment she felt at the United States Postal Service. And to the extent that her complaint should be construed liberally, she also alleges that the opposing – Are you conceding that the undue influence claim is not viable? Because you keep saying there are other things in the complaint, and she was under some post-traumatic stress. Is that a – is that a soft way of saying you're conceding that the undue influence claim is not viable? No, Your Honor. To the extent – So tell me why it's viable. Well, to the extent it is stated against the judge, yes, it's not viable. Right. To the extent that she makes other allegations in the complaint that aren't directly under the subheading of undue influence, but nevertheless throughout her complaint encompass those other aspects, it is viable. To the extent that she says that she suffered from post-traumatic stress disorder and that the other parties in the case knew of it, to that extent it's viable. But certainly – Explain to me why it's viable, a viable contract theory of rescission, to say that a judge, when the proceedings are on the record, exercised undue influence. Certainly, again – I'm accepting – I'm accepting hypothetically your argument that this sounds in contract, not tort, so you don't need to address that. Let's assume you're right. It sounds in contract. She's trying to rescind the contract. If we get to the merits of this, you have to explain to us why it's a viable claim. Otherwise, we can't affirm on alternate grounds. So tell me why it's viable. First, again, it's not a claim against the judge. No, I understand that. It's viable because she states, not under that subheading in her complaint, but in her complaint that she suffers from post-traumatic stress disorder. And she states that the opposing parties knew of this. To the extent that there's a factual question as to whether or not the post-traumatic stress disorder affected her capacity to contract or affected the undue influence issue, that should be a question of fact for the district court to resolve. Well, the question I have is, is there a single case – and I know it's not contained in the briefs, but that's what oral argument's about – do you know of any theory that would allow recovery when you have a judge, the theory being that the judge exercised undue influence on a settlement agreement when everything's on the record? No, Your Honor. Again, to the extent there's any claim against the judge. No, no. I'm talking about as a basis for rescinding the contract. I'm not aware of any case, Your Honor. Okay. Moving on to the independent jurisdictional basis, the Postal Reorganization Act provides an independent jurisdictional basis for Ms. Tritz's claims against the government. This Court has already held in Inree Liberty Construction that the Tucker Act isn't an exclusive grant of jurisdiction to the Federal Court of Claims. Where there exists an independent jurisdictional basis, the court, the district court can still have subject matter jurisdiction. In that case, the Court held that because the Small Business Administration's sue-and-be-sued clause provided an independent jurisdictional basis for the claims in that case, the breach of contract case could be brought in the district court because the district court did have subject matter jurisdiction. Similarly, in Wright v. USPS, this Court has already held that the Postal Reorganization Act can provide such a basis for subject matter jurisdiction. In that case, there was a conflict between the Contract Disputes Act, which again would require it to be brought in the Federal Court of Claims, and the Postal Reorganization Act, which allows claims against the United States Postal Service to be brought in district court. And this Court held that because the Postal Reorganization Act provided an independent jurisdictional basis, those claims could be brought in the district court. In fact, even in the D.C. Circuit case upon which APA leaves and upon which the district court relies, Schaefer v. Veneman, Chief Judge Ginsburg actually specifically said that though the Federal Court of Claims may have jurisdiction under the Tucker Act, that does not necessarily mean that this jurisdiction is exclusive. In Schaefer, the issue was whether the fact that the settlement agreement concerned a Federal statutory claim was sufficient for subject matter jurisdiction. In that case, because they had settled a Federal statutory claim, that was the sole basis for bringing the action to the district court. That's not the case here. Though Ms. Tritz did settle a Federal statutory claim under Title VII, she's the basis for subject matter jurisdiction isn't that she settled this other claim. It's that the Postal Reorganization Act explicitly grants subject matter jurisdiction to the district courts. And because there is that jurisdictional basis, the district court did have subject matter jurisdiction to hear Ms. Tritz's claims, and it therefore erred when it dismissed her claims for lack of subject matter jurisdiction. Finally, the appellees argue that Ms. Tritz has failed to state a claim for either undue influence or breach of the settlement agreement, and as such, this Court should affirm on other grants. Kagan. However, as a pro se litigant drafting her complaint, she should be awarded an amount of deference that her complaint should be construed liberally. Again, she alleges that she suffers from post-traumatic stress disorder and that the opposing parties knew of this. Throughout her complaint, though not explicitly laid out, she argues that the contract was unconscionable, and the fact that she alleges that she had post-traumatic stress disorder also implicates whether or not she had the capacity to contract at all. So the remedy you're seeking is what, rescission of this agreement? Your Honor, the remedy we're seeking at this point is that this Court remand to the district court and allow them to proceed on the fact-finding mission and potentially rescind the settlement agreement. Has she been paid any money? Yes, Your Honor. She'd have to pay the money back to rescind, I take it? I assume so, Your Honor. So this Court should remand the remedy you're asking. I want to make sure before we go off and do something you don't want us to do. The remedy you're seeking is rescission. Put them back to where they were. She returns the money and then you start all over again. Yes. If the settlement agreement were rescinded, that's what would happen. So, yes. She's prepared to do that? I believe she is, but I would have to ask. And, in fact, this is what the district court or, I'm sorry, what the Third Circuit did in Licata. Licata is a factual situation that mirrors this one where there's a conflict between the Tucker Act and the Postal Reorganization Act. And, in fact, in that case, the Third Circuit held that the Tucker Act doesn't even apply to actions against the Postal Service because the Postal Service is not the United States for the purposes of the Tucker Act. However, what that court also did is upon finding that the district court did have subject matter jurisdiction, that court remanded the case back to the district court to determine whether or not the plaintiff had stated a claim and to resolve any other potential factual issues in the case. And, as such, this Court should exercise its deference to the district court. Well, as a practical matter, you're not going to be representing her. You're doing a very fine job of representing her here, but you're not going to be representing her in the district court. First, thank you, Your Honor. Second. Well, wait. I haven't asked the question. So the question is, as a practical matter, what good is it going to do to, if you are correct on the subject matter jurisdiction, to just send it back and to have the court look at other grounds for the dismissal when it is apparent in the record that there are other grounds? First, Your Honor, Ms. Tritz could be given leave to amend her complaint if there are any deficiencies that the district court finds. Second, if it proceeds beyond those grounds, Ms. Tritz is able to handle this case pro se beyond the writing aspects, beyond drafting a complaint, the sort of legal issues that she has more trouble with. But she's already represented herself in a jury trial against the Postal Service and won. So as far as litigating the case goes, Ms. Tritz likely is able to proceed on her  The issue is just if the ---- Ms. Tritz is able to proceed on her case, Ms. Tritz is able to proceed on her case because there are other grounds here for dismissing the complaint beyond the jurisdiction. Presumably, if there are other grounds, Ms. Tritz would be allowed to amend her complaint such that it explicitly states a claim that the settlement agreement was unconscionable, such that it's more explicit that it states a claim that she lacked the capacity to contract, various ways that she could amend the complaint, such that she sort of included those allegations already but didn't do so explicitly. And as such, this Court should ---- I'm not clear. If she lacks the capacity to contract, how is she going to be able to represent herself on remand? Your Honor, the issue is whether she had the capacity to contract at the time of the settlement agreement, not whether she has the capacity now. Again, that would be a factual issue for the district court to resolve and determine whether or not she could represent herself or if there were ---- if she is now capable of contracting, of litigating the case and so forth. How much did she get in the settlement agreement? I believe it's $225,000, Your Honor. And she won the jury trial verdict at $275,000. I'd like to now reserve the remainder of my time. Certainly. Thank you. Before we begin, do you have a time allocation agreement? I believe Ms. Markman would like a minute. All right. Very good. Hopefully I won't ---- You may proceed. Introduce yourself. Your Honor, Russell Chittenden, representing the federal defendants in the case. I'd like to start with a series of about four events that come from the allegations of the complaint and the exhibits to the complaint that I think demonstrate what happened here. The first event is December 20, 2005. In open court, after settlement conference, Ms. Tritz agrees to a settlement. The judge advises on the record that there can be no guarantee of any tax treatment of the settlement funds. And on the record in open court, Ms. Tritz agrees with that and agrees to the terms of the settlement. Excuse me. Thereafter, she consults with her accountant who apparently indicates to her that indeed these funds will be taxed. And that occurs, that that allegation is made in paragraph 33 of the First Amendment complaint. She then, Ms. Tritz, files a motion to vacate the settlement in the district court action, which mirrors this action actually. She says in that motion that was filed January 23, 2006, about a month later, and it's Exhibit 8 to the First Amendment complaint. She says, I didn't have sufficient knowledge at the time I entered into this agreement. I've talked to my accountant. He advises me it was a mistake, in essence. Again, that's Exhibit 8. After that, the court denies her motion to vacate. On February 7, that's Exhibit 11 to the First Amendment complaint. After that, February 17, she signs the formal settlement agreement that memorializes the earlier settlement reached December 20th, signs the release, signs the settlement agreement. The settlement is reduced to a judgment. She accepts the $225,000. That was paid with no withholding, $225,000 as per the agreement. Never appeals any of this. So it appears to me that these arguments within four years later, in February of 2010, files this action, which frankly, it appears, reiterate or restate claims she had already made in this motion to vacate, which was denied by the judge and not appealed. The point is, she knew at the time, not only from the judge's admonition, but from her accountant, that this had to be taxed. And there's no way, as a breach of contract, there's no way that the Postal Service could have handled this any differently than they did lawfully. They had to pay her the money without withholding. They submitted it $1099. IRS did with it what they will. So I would argue that gives an even additional, or additional force to our 12B6 argument below on the breach of contract claim, which I think is our primary argument. The judge did not reach it, but we argued it below, we argued it again in this court. And that is that simply we have attached to this complaint both the colloquy in open court, which all the complaints that she now has were presciently almost by the judge addressed on the record. Then we have the settlement agreement itself, which has an integration clause indicating that it is the whole agreement. We have no allegation in this case whatsoever that the Postal Service breached the agreement by its terms, i.e., they paid her the $225,000. By the way, the Postal Service also had a motion for a new trial, a motion for remitter, which the court had continued to have this settlement conference. And those were still out there. They were never reached by the court, in part because of the settlement agreement. So that being the case, I would argue that this complaint, its allegations and the evidence, the exhibits, the many exhibits that it attaches are a complete solution to the puzzle, if you will, as to how this case must end and as to how there is no breach of contract claim within the four corners of the complaint. As far as undue influence, it's clear from reading that claim that all allegations are against the court. Not only was the claim that Ms. Tritz was unduly influenced by the court, the complaint makes it quite clear that that undue influence happened in chambers. So there could have been no involvement by the defendant, Postal Service, in this at all. It happened in chambers. That's mentioned a couple of times in the complaint at paragraphs 22 and paragraph 56 of the First Amendment complaint. In the prayer for relief, or I think right before the prayer for relief, paragraph 93, she talks about the undue influence of the court and the misrepresentation of the court and then only the misrepresentation of the defendants. Of course, misrepresentation of the defendants, to the extent it's alleged, is barred by the Federal Tort Claims Act. So it's clear to me that this is a claim against the court and the court is not a defendant. I assume could not be an offendant. But in any event, even if that were viable somehow, the court went to the trouble of having a hearing in open court or having a discussion in open court wherein the terms of the settlement were placed on the record. And it's clear, again, from the record, from the transcript that's attached to the complaint as Exhibit 18, she voluntarily, freely in an open court said, I understand. There are no representations regarding the tax treatment or the tax consequences of this $225,000 that I'm going to receive from the Postal Service. So even if it were otherwise viable, it's been waived as a matter of law. So you haven't gotten to the jurisdictional argument. And I gather you don't think that's your strongest point. I don't, Your Honor. I'll be perfectly candid. In retrospect, perhaps, well, I think the more satisfying, if not more legally correct, resolution of this case is that no claim can be stated for legal, factual, even equitable reasons. I have not. So basically, your position today is that you refer to us to consider the alternative grounds for a front. I would, Your Honor. And we did. We do, of course, have to deal with the jurisdictional issue if we're going to go in that direction. I have nothing further to add to the papers on that, Your Honor. I would simply reiterate that at the district court level, we didn't make a 12B6 argument that no claim was stated. The court did not reach it. In fact, in my reply papers below, I mentioned the Tucker Act in one sentence. And I went on 12B6 for two pages. So that's where I think the focus is. Well, the sentence got the district court's attention. Your sentence got the district court's attention. I'm afraid it did. Be careful what you wish for. I mean, if we disagree on jurisdiction, I guess we have to look at whether we can affirm on alternate grounds. I would argue that there is a smorgasbord of alternate grounds here, Your Honor. Okay. Thank you. Any further questions? Thank you. Thank you. Rebuttal? Did counsel? Oh, I'm sorry. You're going to need an amendment. That's right. My apologies. Thank you. Marla Markman, Deputy Attorney General, appearing on behalf of Selvie Stanislaus, Executive Officer of the Franchise Tax Board. Your Honor, the district court properly granted the Franchise Tax Board's motion based on the Tax Injunction Act, unless you have any questions. I have nothing to. Thank you. Thank you. One brief point, Your Honor. In her complaint, paragraph 61, and in her opening paragraph, Ms. Tritz discusses how the settlement agreement is unconscionable. Again, she actually puts that on the subheading of breach of settlement agreement, but nevertheless, she does make this unconscionability argument that was even recognized in the U.S. Attorney's motion to dismiss on the lower level, saying that if she, in one of her other allegations, is making an unconscionability argument, really that should fall under the voidable contract theory. Why is it unconscionable? She simply states that it is unconscionable, presumably due to the amount and due to the allegations that she established. To be more specific, I mean, what way is this deal unconscionable? She recovered a verdict of $275,000, was it? Yes. And settled it in exchange for giving up an appeal for $225,000? Yes. Presumably that could be the unconscionability, that it was settled for an amount less than she received at jury trial. And in exchange for that, there was no appeal or anything? Correct. Okay. So I'm having a hard time grasping what's unconscionable about that on its face. Your Honor, I'm simply stating that that's the allegation made. I know, but you have to have some kind of plausible basis for it. Again, the basis would be that she won a verdict at jury trial as a pro se litigant and then settled for an amount, I can't do percents in my head, roughly 20 percent less to avoid the appeal. Presumably that would be the basis for the unconscionability. Okay. And how does the tax thing figure into that? That tax argument would not figure into that. That would be separate. So the fact that she settled in exchange for giving up an appeal is the basis of the unconscionability. I just want to make sure I zero in on this. Yes, Your Honor. Okay. And if you have no further questions, we would again ask that you vacate the lower court's order dismissing her claim for lack of subject matter jurisdiction and remand the case for further proceedings. Thank you. Thank you for your argument. Thank you for your pro bono representation. The case just heard will be submitted for decision.
judges: Schroeder, Thomas, Silverman